USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2-4-20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
UNITED STATES OF AMERICA,

v.

DIONDRE CARLISLE,
                       Defendant.
------------------------------------------------------x

**ORDER**

S7 14 CR 768-01 (VB)
20cv939 (VB)

       On June 27, 2016, defendant Diondre Carlisle pleaded guilty to conspiracy to conduct the affairs of a racketeering enterprise, 18 U.S.C. § 1962(d) (Count One); conspiracy to distribute marijuana, 21 U.S.C. §§ 841(b)(1)(D), 846 (Count Two); and using and carrying a firearm during and in relation to a crime of violence and a drug trafficking crime, 18 U.S.C. § 924(c) (Count Three). On December 12, 2016, Carlisle was sentenced to 84 months' imprisonment and 3 years' supervised release. Specifically, Carlisle was sentenced to 24 months' imprisonment on Counts One and Two, to run concurrently, and 60 months' imprisonment on Count Three, to run consecutively to the sentences on the other counts. (Doc. #222). Carlisle did not appeal.

       On January 9, 2020, the Court received a handwritten letter from Carlisle requesting, in substance, that his conviction under Section 924(c) be set aside in light of the Supreme Court's decision in United States v. Davis, 139 S. Ct. 2319 (2019). Davis held that the definition of a crime of violence found in Section § 924(c)(3)(B) (the so-called "residual clause") is unconstitutionally vague.

       Although Carlisle has not yet filed a formal motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence, the Court construes his recent letter as a motion for relief under Section 2255. Because of the brevity of the letter, the Court grants Carlisle leave to file an amended Section 2255 motion setting forth all his grounds for relief and all facts in support of those grounds.

       Carlisle will have one opportunity within the limitations period for a full adjudication of his claim(s); therefore, if Carlisle does not wish to pursue relief under Section 2255, he shall notify the Court in writing by no later than April 6, 2020, that he wishes to withdraw the 2255 motion.

       In the event Carlisle wishes to pursue the 2255 motion, Carlisle shall have until April 6, 2020, to file an amended 2255 motion.

       Although courts are not obligated to appoint counsel for prisoners seeking post-conviction relief, the Court does have discretion to appoint counsel for an indigent prisoner pursuing a Section 2255 motion when "the interests of justice so require." 18 U.S.C. § 3006A(a)(2). Carlisle had appointed counsel during his underlying criminal case, and certainly appears to be indigent at the present time. Under the circumstances, and in light of the Supreme Court's recent Davis decision, the Court finds that appointment of counsel is warranted.

1

However, given that Carlisle's Section 924(c) conviction appears to have been based on both the racketeering conspiracy charged in Count One and the drug trafficking conspiracy charged in Count Two, the Court is dubious that the new rule announced in Davis applies to this case. Nevertheless, this is a complex and evolving area of the law, and the Court believes Carlisle will benefit from having appointed counsel represent him going forward.

Accordingly, pursuant to Section 3006A(a)(2), the Court appoints Kelley J. Sharkey, Esq., who represented Carlisle during the underlying criminal proceedings, as Carlisle's counsel for the instant 2255 motion.

Ms. Sharkey shall use the attached Motion Under 28 U.S.C. § 2255 Form to file the amended 2255 motion, by no later than April 6, 2020.

If Carlisle does not wish to pursue relief under Section 2255, Ms. Sharkey shall notify the Court in writing by no later than April 6, 2020, that Carlisle wishes to withdraw the instant 2255 motion.

At this time, the Court will **not** direct that United States Attorney's Office to file an answer or other pleading in response to the motion. If by April 6, 2020, Carlisle does not respond to this Order, or if he files an amended Section 2255 motion, the Court will direct the United States Attorney's Office to file an answer or other responsive pleading at that time.

Because Carlisle has not at this time made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. See 28 U.S.C. § 2253.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. Cf. Coppedge v. United States, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk is instructed to (i) open a new civil action, and docket this Order as well as Carlisle's letter received January 9, 2020, in the new civil case as well as in the existing criminal case; and (ii) mail a copy of this Order, and its attachment, to Carlisle at the following address:

> Diondre Carlisle
> Reg. No. 71674-054
> FCI Cumberland
> Federal Correctional Institution
> P.O. Box 1000
> Cumberland, MD 21501

Dated: February 4, 2020
      White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
DANIEL PATRICK MOYNIHAN COURTHOUSE
500 PEARL STREET
NEW YORK, NEW YORK 10007

PRO SE OFFICE
Room 230

RUBY J. KRAJICK
Clerk of Court

**Instructions for Filing
Motion under 28 U.S.C. § 2255**

1. **Who should use this form:** You may use this form if you are in custody (such as in prison or subject to supervised release) based on a federal court conviction and you are asking for relief from the conviction or sentence. You must file the motion in the federal district court that entered the judgment that you are challenging and include all grounds for relief. State the facts that support each ground. If you fail to set forth all the grounds in this motion, you may be barred from presenting additional grounds later.

2. **Who should *not* use this form:** Do not use this form if you want to challenge the validity of a state court judgment of conviction and sentence. To challenge a state court judgment, you must first exhaust your state court remedies in the state appellate process and then file a petition for a writ of *habeas corpus* under 28 U.S.C. § 2254 in the federal district court where your state judgment of conviction was entered. If you are in federal custody or subject to a custodial order of the United States and wish to challenge the execution – not the validity – of your federal conviction or sentence (such as, for example, that the BOP miscalculated a sentence or failed to award good time credits properly), you should file a petition for a writ of *habeas corpus* under 28 U.S.C. § 2241 (For Prisoners) in the federal district court where you are confined. If you want to challenge your immigration detention, you may use the form Petition for a Writ of *Habeas Corpus* under 28 U.S.C. § 2241 (For Immigration Matters).

3. **Caption:** The caption is located in the top left corner on the first page of the petition. You, as the person filing the petition, are the "petitioner." Generally, the Warden or Superintendent of the institution in which you are confined is the "respondent." The respondent may also be the government official responsible for your confinement.

4. **Signature:** The petition must be signed with a pen.

5. **Fee:** There is no filing fee for a motion brought under 28 U.S.C. § 2255.

# MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District |
|---|---|
| Name (under which you were convicted): | Docket or Case No.: |
| Place of Confinement: | Prisoner No.: |
| UNITED STATES OF AMERICA v. | Movant (include name under which you were convicted) |

## MOTION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

   (b) Criminal docket or case number (if you know):

2. (a) Date of the judgment of conviction (if you know):

   (b) Date of sentencing:

3. Length of sentence:

4. Nature of crime (all counts):

5. (a) What was your plea? (Check one)

   (1) Not guilty ❑   (2) Guilty ❑   (3) Nolo contendere (no contest) ❑

   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to?

6. If you went to trial, what kind of trial did you have? (Check one)   Jury ❑   Judge only ❑

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?  Yes ☐  No ☐
8. Did you appeal from the judgment of conviction?  Yes ☐  No ☐
9. If you did appeal, answer the following:

    (a) Name of court:

    (b) Docket or case number (if you know):

    (c) Result:

    (d) Date of result (if you know):

    (e) Citation to the case (if you know):

    (f) Grounds raised:




    (g) Did you file a petition for certiorari in the United States Supreme Court?  Yes ☐  No ☐

    If "Yes," answer the following:

    (1) Docket or case number (if you know):

    (2) Result:


    (3) Date of result (if you know):

    (4) Citation to the case (if you know):

    (5) Grounds raised:




10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?

    Yes ☐  No ☐

11. If your answer to Question 10 was "Yes," give the following information:

    (a) (1) Name of court:

    (2) Docket or case number (if you know):

    (3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?   Yes ❑   No ❑

(7) Result:

(8) Date of result (if you know):

(b) If you filed any second motion, petition, or application, give the same information:

  (1) Name of court:

  (2) Docket or case number (if you know):

  (3) Date of filing (if you know):

  (4) Nature of the proceeding:

  (5) Grounds raised:

  (6) Did you receive a hearing where evidence was given on your motion, petition, or application?   Yes ❑   No ❑

  (7) Result:

  (8) Date of result (if you know):

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

   (1) First petition:    Yes ❑   No ❑

   (2) Second petition:   Yes ❑   No ❑

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the <u>facts</u> supporting each ground.

**GROUND ONE:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) **Direct Appeal of Ground One:**
    (1) If you appealed from the judgment of conviction, did you raise this issue?
        Yes ❑   No ❑
    (2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**
    (1) Did you raise this issue in any post-conviction motion, petition, or application?
        Yes ❑   No ❑
    (2) If your answer to Question (c)(1) is "Yes," state:
    Type of motion or petition:
    Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):


(3) Did you receive a hearing on your motion, petition, or application?

   Yes ❏   No ❏

(4) Did you appeal from the denial of your motion, petition, or application?

   Yes ❏   No ❏

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

   Yes ❏   No ❏

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:


Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):


(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:




**GROUND TWO:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) **Direct Appeal of Ground Two:**
    (1) If you appealed from the judgment of conviction, did you raise this issue?
        Yes ❏   No ❏
    (2) If you did not raise this issue in your direct appeal, explain why:


(c) **Post-Conviction Proceedings:**
    (1) Did you raise this issue in any post-conviction motion, petition, or application?
        Yes ❏   No ❏
    (2) If your answer to Question (c)(1) is "Yes," state:
    Type of motion or petition:
    Name and location of the court where the motion or petition was filed:

    Docket or case number (if you know):
    Date of the court's decision:
    Result (attach a copy of the court's opinion or order, if available):


    (3) Did you receive a hearing on your motion, petition, or application?
        Yes ❏   No ❏
    (4) Did you appeal from the denial of your motion, petition, or application?
        Yes ❏   No ❏
    (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?
        Yes ❏   No ❏
    (6) If your answer to Question (c)(4) is "Yes," state:
    Name and location of the court where the appeal was filed:

    Docket or case number (if you know):
    Date of the court's decision:
    Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND THREE:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) **Direct Appeal of Ground Three:**
    (1) If you appealed from the judgment of conviction, did you raise this issue?
        Yes ❑   No ❑
    (2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**
    (1) Did you raise this issue in any post-conviction motion, petition, or application?
        Yes ❑   No ❑
    (2) If your answer to Question (c)(1) is "Yes," state:
    Type of motion or petition:
    Name and location of the court where the motion or petition was filed:

    Docket or case number (if you know):
    Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐   No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐   No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐   No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND FOUR:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) **Direct Appeal of Ground Four:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ❑ No ❑

    (2) If you did not raise this issue in your direct appeal, explain why:


(c) **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ❑ No ❑

    (2) If your answer to Question (c)(1) is "Yes," state:

    Type of motion or petition:

    Name and location of the court where the motion or petition was filed:


    Docket or case number (if you know):

    Date of the court's decision:

    Result (attach a copy of the court's opinion or order, if available):


    (3) Did you receive a hearing on your motion, petition, or application?

        Yes ❑ No ❑

    (4) Did you appeal from the denial of your motion, petition, or application?

        Yes ❑ No ❑

    (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

        Yes ❑ No ❑

    (6) If your answer to Question (c)(4) is "Yes," state:

    Name and location of the court where the appeal was filed:


    Docket or case number (if you know):

    Date of the court's decision:

    Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

13. Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the judgment you are challenging?   Yes ❑   No ❑
    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:
    (a) At preliminary hearing:

    (b) At arraignment and plea:

    (c) At trial:

    (d) At sentencing:

(e) On appeal:

(f) In any post-conviction proceeding:

(g) On appeal from any ruling against you in a post-conviction proceeding:

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?     Yes ❏ No ❏
17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?     Yes ❏ No ❏
    (a) If so, give name and location of court that imposed the other sentence you will serve in the future:

    (b) Give the date the other sentence was imposed:
    (c) Give the length of the other sentence:
    (d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?     Yes ❏ No ❏

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:
    A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —
        (1) the date on which the judgment of conviction became final;
        (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;
        (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
        (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore, movant asks that the Court grant the following relief:


or any other relief to which movant may be entitled.


_____
Signature of Attorney (if any)


I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on _____ (month, date, year).


Executed (signed) on _____ (date).


_____
Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.